IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RON COMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-07-972-D |
| v. | ) | |
| | ) | |
| RENT-A-CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Plaintiff's Motion to Remand [Doc. No. 14] this action to the District Court of Oklahoma County. Defendant has responded.

In this action, Plaintiff asserts claims for overtime compensation which he contends Defendant was obligated to pay. Petition at ¶ 4. Asserting federal question jurisdiction pursuant to 28 U. S. C. § 1331, Defendant removed the action to this Court according to the removal procedures set forth in 28 U. S. C. § 1441(b). Plaintiff did not seek remand until almost three months later. In the interim, the parties filed their Joint Status Report and Discovery Plan ("Status Report"), and the Court conducted a status and scheduling conference. In the Status Report, Plaintiff did not contest this Court's jurisdiction or argue that the case was improperly removed.

In the Motion to Remand, Plaintiff now argues that his claim for overtime compensation is not based on federal law and presents only state law questions of breach of contract and Oklahoma's statutory provisions regarding overtime wages; he contends that his claim is not based on the federal Fair Labor Standards Act ("FLSA"). As Defendant points out in its objection to the Motion, however, Plaintiff expressly alleges in the Petition that his "unpaid overtime hours are required by federal law to be compensated at one-and-a-half times his regular rate of pay." Petition at ¶ 4. The Petition does not allege that Defendant has breached a contract with Plaintiff. Nor does it contain

any reference to any Oklahoma statutes or state law.

As Defendant argues, the propriety of removal is determined by examining the allegations in the Petition or Complaint at the time of removal. *See, e.g., Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (*citations omitted); Schmeling v. Nordam*, 97 F.3d 1336, 1339 (10th Cir. 1996). Even if a plaintiff does not expressly reference a federal law or constitutional provision in the complaint, federal question jurisdiction is present where his right to relief requires "resolution of a substantial federal question." *Schmeling*, 97 F.3d at 1339 (*citations omitted*). State court actions alleging violations of the FLSA are properly removable to federal court. *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 699-700 (2003). The Petition in this case expressly alleges that Defendant was required by federal law to pay overtime compensation to the Plaintiff, and the FLSA is the federal law governing payment of overtime.

As a general rule, a party may not "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action. Instead, the propriety of removal is judged on the complaint as it stands at the time of the removal." *Pfeiffer v. Hartford Fire Ins. Co.,* 929 F.2d 1484, 1488-89 (10th Cir. 1991) (*citations omitted*). In this case, as Defendant notes, Plaintiff has never sought to amend his state court petition, and the allegations in that petition reflect that a federal question is presented. "[F]ederal jurisdiction is not defeated by dropping federal claims after the case has been properly removed to federal court." *Sullivan v. Conway*, 157 F.3d 1092, 1095 (7th Cir. 1998)(*citations omitted*); *see also Holden v. Goodyear Tire & Rubber Co.*, 1999 WL 280417, *1 (D. Kan. Apr. 19, 1999).

Having reviewed the allegations in the Petition and the parties' arguments in their respective briefs, the Court concludes that this case was properly removed because Plaintiff's allegations in the

state court petition require the resolution of a substantial federal question based on the provisions of the Fair Labor Standards Act, 29 U. S. C. § 201 *et seq.* Although Plaintiff does not identify that statute in his petition, he expressly alleges that federal law required the payment of overtime compensation and that Defendant failed to pay the same. Accordingly, the Motion [Doc. No. 14] to remand is DENIED.

    IT IS SO ORDERED this  12th  day of June, 2008.

                                                  _____
                                                  TIMOTHY D. DEGIUSTI
                                                  UNITED STATES DISTRICT JUDGE