IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RON COMPTON, | ) | |
| | ) | |
| Plaintiff, | ) | CIV-07-972-D |
| v. | ) | |
| | ) | |
| RENT-A-CENTER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is the Defendant's Motion to Strike a Witness from Plaintiff's Final Exhibit List [Doc. No. 39]. Plaintiff has responded to the Motion, and Defendant has filed a reply brief.

Defendant seeks to strike Todd Webb, a witness listed to testify on behalf of Plaintiff, because he failed to appear for a deposition scheduled by the agreement of counsel and, later, failed to appear for a deposition for which he was subpoenaed. Plaintiff does not dispute Defendant's contention that counsel agreed to produce two fact witnesses, Crystal Taylor and Todd Webb, for deposition in Oklahoma City on February 21, 2008 without the need for subpoenas. Counsel for the parties appeared for the depositions, but the witnesses did not appear. Plaintiff's counsel stated that Webb, who resides in Muskogee, Oklahoma, telephoned Plaintiff's counsel to advise that he could not attend the deposition because of transportation problems.

Defendant then filed a deposition notice and subpoenaed both Taylor and Webb for February 28, 2008 depositions in Muskogee. Taylor appeared and was deposed on February 28; however, Webb did not appear and did not contact Plaintiff's counsel or anyone else to explain his failure to attend. Thereafter, Defendant's counsel asked Plaintiff's counsel to delete Webb from Plaintiff's witness list, and counsel declined. The discovery deadline in this action expired on March 4, 2008.

Defendant now asks the Court to strike Webb as a witness because of his unexplained failure to comply with a subpoena and because his testimony will be cumulative to that of other fact witnesses. According to Defendant, Webb's testimony, as described in Plaintiff's witness list, is identical to that of four other witnesses listed by Plaintiff. These witnesses, who have been deposed, have each testified to essentially the same facts. Therefore, Defendant contends that Webb's testimony would be cumulative, and its omission could not be prejudicial to Plaintiff.

In response to the Motion to Strike, Plaintiff does not directly respond to the contention that Webb's testimony will be cumulative, but argues that striking Webb as a witness would penalize Plaintiff. Plaintiff states that his counsel unsuccessfully attempted to contact Webb both before and after the February 28 deposition date; prior to that time, counsel had no difficulty contacting Webb. Webb was also willing to testify and indicated no hesitation in doing so. Plaintiff's counsel suspects that Webb's unavailability is the result of intimidation by Defendant or its counsel.

Plaintiff's only support for this serious accusation is the fact that Defendant's former marketing manager, Travis Skaggs, testified in his deposition that someone identifying himself as a representative of Defendant telephoned Skaggs and asked if he realized his deposition or trial testimony could be used against him in a civil case or other proceeding. *See* Skaggs dep., p. 98-99, submitted as an unmarked exhibit to Plaintiff's response to the Motion to Strike. Defendant and its counsel deny that they communicated with Webb. Defendant argues that it would be illogical to attempt to prevent Webb from appearing at a deposition after Defendant and its counsel invested considerable time and expense in preparation for the February 21 and 28 depositions and in traveling to Oklahoma City and Muskogee for the purpose of deposing Webb. Defendant suggests

that Webb's failure to appear may be explained by his alleged receipt of citations related to traffic violations.

The Court finds that the record does not support the allegation that Defendant or its counsel have acted improperly in an effort to intimidate Webb[1].   At the same time, however, Defendant does not offer direct authority to support striking Webb as a witness under these circumstances. Pursuant to the Federal Rules of Civil Procedure, where a witness fails to comply with a subpoena, the remedy is to initiate contempt proceedings.  Fed. R. Civ. P. 45(e).  Defendant has not sought to hold Webb in contempt and states that it has not done so because the expenses associated with that action are not justified, given the relatively small amount of damages sought by Plaintiff in this case.

Defendant does not cite any provision of the Federal Rules of Civil Procedure providing for the striking of a non-party witness who fails to comply with a deposition subpoena.  The Court concludes that the circumstances do not warrant that result.

The Motion to Strike [Doc. No. 39] is DENIED.  However, Webb will not be permitted to testify at trial unless Defendant first has an opportunity to depose him.   If Webb communicates with counsel for Plaintiff, counsel is directed to notify Defendant and the Court  forthwith, so as to allow Defendant to assert a motion  to reopen discovery for the purpose of deposing Webb. Plaintiff is further cautioned that, if Webb appears at trial to testify on behalf of Plaintiff, he will not be permitted to do so until the Defendant deposes him or advises the Court that it does not desire to depose him.

With respect to Defendant's contention that Webb's testimony should be excluded as cumulative, the Court will revisit the objection at the appropriate time prior to any trial testimony

---

[1] *Plaintiff's counsel is cautioned that such allegations are of a most serious nature and that the Court expects such accusations to be supported by evidence rather than speculation.*

by Webb.

IT IS SO ORDERED this __17th__ day of June, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE