IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RON COMPTON, )
)
Plaintiff, ) CIV-07-972-D
v. )
)
RENT-A-CENTER, INC., )
)
Defendant. )

**ORDER**

Before the Court is the Defendant's Motion for Summary Judgment [Doc. No. 29]. Plaintiff timely responded to the Motion, and Defendant filed a reply. After the completion of the briefing on Defendant's Motion, Plaintiff filed a Motion for Leave to File an Amended Complaint [Doc. No. 45]. Both motions are addressed in this Order.

I. Background:

Plaintiff brought this action to recover overtime compensation; he contends that Defendant, his former employer, failed to pay overtime for the time period of July 1, 2002 through November 28, 2003. Plaintiff initially filed this action in the District Court of Oklahoma County. Asserting federal question jurisdiction pursuant to 28 U. S. C. § 1331, Defendant timely removed the action to this Court according to the procedures set forth in 28 U. S. C. § 1441(b). Defendant relied on Plaintiff's allegation in the Petition that his "unpaid overtime hours are required by federal law to be compensated at one-and-a-half times his regular rate of pay." Petition at ¶ 4. Almost three months later, Plaintiff moved to remand the action, arguing that no federal question is presented and that, instead, the Petition alleged only a breach of contract action under state law. The Court denied Plaintiff's motion because the allegations in the Petition require the resolution of a substantial federal question based on the provisions of the Fair Labor Standards Act; the Court also determined

that the Petition did not allege a state law breach of contract claim, and it contained no reference to Oklahoma law. *See* Order of June 12, 2008 [Doc. No. 43].

II. Defendant's Motion for Summary Judgment:

Defendant argues that it is entitled to judgment as a matter of law because the undisputed material facts establish that Plaintiff's claim for overtime compensation under federal law is barred by the statute of limitation prescribed by the Fair Labor Standards Act, 29 U. S. C. § 201 *et seq.* ("FLSA"), the federal law governing overtime compensation. Defendant also argues that the Petition does not allege a breach of contract claim under state law;[1] however, even if the Petition could be construed as asserting that claim, Defendant contends the undisputed facts establish there was no contract regarding overtime compensation. Finally, Defendant argues that, even if the FLSA claim is not barred by limitations, Plaintiff cannot recover on that claim because he is exempt from the FLSA overtime compensation requirements.

In his response, Plaintiff concedes that the FLSA statute of limitations has expired on his claim, and he does not address Defendant's argument that he is exempt from FLSA coverage, expressly stating that he "does not feel it necessary to respond" to that argument. Plaintiff's Response Brief at p. 16. Plaintiff argues that his "sole cause of action in this case is for breach of contract." Response Brief, p. 6.

A. Summary Judgment Standards:

Summary judgment may be granted where the undisputed material facts establish that one party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one which may affect the outcome of the suit under the

---

[1] *Defendant's motion was filed prior to the Court's Order denying the motion to remand.*

governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). To avoid summary judgment, a plaintiff must present more than a "mere scintilla" of evidence; the evidence must be such that "a reasonable jury could return a verdict for the non-moving party." *Id.* The facts in the record and reasonable inferences therefrom must be viewed in the light most favorable to the nonmoving party. *MacKenzie v. City & County of Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005). Where the undisputed facts establish that a plaintiff cannot prove an essential element of a cause of action, the defendant is entitled to judgment on that cause of action. *Celotex,* 477 U.S. at 322.

It is not the responsibility of the summary judgment movant to disprove the plaintiff's claim; rather, the movant need only point to "a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998). The burden then shifts to the nonmovant to "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Id. (citations omitted).* The facts must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein. 144 F.3d at 671 (citing *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1024 (10th Cir.), *cert. denied*, 506 U.S. 1013 (1992)). Conclusory arguments in the nonmovant's brief are not sufficient to avoid summary judgment. *Harvey Barnett, Inc. v. Shidler*, 338 F.3d 1125, 1136 (10th Cir. 2003).

B. Application:

1.Statute of limitations on FLSA claim:

Where the undisputed material facts establish that the statute of limitations has expired on a claim, summary judgment is proper as to that claim. *Northern Natural Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 631 (10th Cir. 2008); *Hutchinson v. Pfeil,* 105 F.3d 562, 564 (10th Cir. 1997).

The initial burden is on the moving party to demonstrate that there is no genuine issue of material fact as to the expiration of the statute of limitations. *Tiberi v. Cigna Corp.*, 89 F.3d 1423, 1428 (10th Cir.1996). If that initial burden is met, the non-moving party has the burden of presenting evidence which warrants the tolling of the statute of limitations. *Id*.

Defendant correctly argues that Plaintiff's claim to entitlement for overtime compensation pursuant to "federal law" is governed by the FLSA. Plaintiff makes no attempt to cite any other federal law on which a claim for overtime compensation could be based. Defendant also correctly argues that the FLSA provides a general two-year limitations period for the recovery of overtime compensation; if the failure to pay constitutes a "willful" violation of the FLSA, the limitations period is three years. 29 U. S. C. § 255(a). The record establishes that Plaintiff's Petition was filed on April 23, 2007. It is not disputed that Plaintiff seeks payment of overtime compensation for the time period of July 2002 to November 2003. Plaintiff's deposition ("Plaintiff's dep."), Defendant's Exhibit 1, p. 72, lines 19-24. Thus, the record establishes that Plaintiff's lawsuit was not filed until nearly three and one-half years after the last date on which he contends overtime should have been paid. Therefore, even if he could establish a willful violation of the FLSA, the statute of limitations on that claim has expired.

In response to Defendant's summary judgment argument, Plaintiff does not dispute these facts; he does not offer any evidence to avoid the expiration of the FLSA statute of limitations. Therefore, the undisputed material facts establish that the statute of limitations has expired on his claim to the extent that the same is based on the FLSA. Defendant is entitled to judgment on Plaintiff's federal claim for overtime compensation.

2. Breach of Contract:

Defendant argues that Plaintiff has not alleged a state law breach of contract claim. In the alternative, Defendant contends that, if the Petition could be construed as including that claim, it is entitled to judgment because the undisputed material facts establish that there was no contract obligating Defendant to pay overtime compensation. Instead, Defendant argues that its obligation was limited to complying with the FLSA overtime requirements.

In his response, Plaintiff first contends that, because he alleged in the Petition that he had an "employment agreement" with Defendant, he has asserted a claim for a breach of contract which entitled him to overtime compensation[2]. Conceding that the statute of limitations has expired on his overtime claim based on federal law, he argues that his breach of contract claim is timely because it was brought within Oklahoma's five-year statute of limitations for breach of a written contract. Okla. Stat. tit. 12 § 95(1).

In the Order [Doc. No. 43] denying Plaintiff's motion to remand, the Court found that the Petition contained no allegations that the parties executed a contract. The Petition does not allege facts identifying the contract on which Plaintiff purportedly relies. As Defendant points out, the only portion of the Petition which could arguably form the basis for such a claim is the following:

> The parties entered into an agreement for employment on or about the first day of July, 2002, under the terms of which the Plaintiff agreed to work for the Defendant for the sum of $10 per hour.

Petition, ¶2. However, the Petition does not allege that the "agreement for employment" constituted a contractual agreement that Plaintiff would be permitted to work overtime or that he would be compensated for overtime work. The sole reference in the Petition to overtime compensation is the

[2] *Plaintiff's response to the Motion was filed before the Court's Order denying his motion to remand and concluding that no state law breach of contract action was alleged in the Petition.*

allegation that Defendant was "required by federal law" to pay Plaintiff overtime compensation.

In his response brief, Plaintiff argues that the contract on which he relies is the 2002 Coworker Handbook ("2002 Handbook") issued to Plaintiff by Defendant on July 1, 2002; he also refers to a 2003 Coworker Handbook ("2003 Handbook"). Response brief, at p. 8. It is not disputed that Plaintiff received the 2002 Handbook. In fact, he executed an acknowledgment that he had received the 2002 Handbook and read and understood its terms. *See* Coworker Handbook Acknowledgment, Defendant's Ex. 4, executed by Plaintiff on July 1, 2002. The Coworker Handbook Acknowledgment expressly states that the 2002 Handbook does not create a contract of employment, and that an employment-at-will relationship exists; the acknowledgment executed by Plaintiff provides in pertinent part:

> I hereby acknowledge that I have read and understand the explanations presented in the Coworker Handbook. I agree that my employment with the company may be terminated at any time, with or without cause, by the Company or by me, as <u>this is not a contract of employment.</u> The employer reserves the unilateral right to alter, modify, amend or terminate any of the policies and benefits set forth in the Coworker Handbook. I understand that where a contract is intended, it will be in writing and signed by the Chairman of the board.

Plaintiff's July 1, 2002 Coworker Handbook Acknowledgment, Defendant's Ex. 4 (emphasis added).

In addition, the 2002 Handbook contains the following express provision:

> <u>[N]o statement in this Coworker Handbook is intended as a contractual commitment or obligation of Rent-A-Center to any coworker</u>.
>
> ALL COWORKERS ARE EMPLOYED "AT WILL" AND RENT-A-CENTER RESERVES THE LEGAL RIGHT TO DISCHARGE OR TERMINATE COWORKERS AT ANY TIME AND FOR ANY REASON. <u>THIS COWORKER HANDBOOK IS NOT A CONTRACT, AND IT IS NOT INTENDED TO CREATE ANY CONTRACTUAL OBLIGATION ON THE PART OF RENT-A-CENTER</u>.

2002 Handbook, Defendant's Ex. 5, p. 2 (emphasis added).

The 2003 Handbook contains the same language. 2003 Handbook, Defendant's Ex. 6, p. 3.

In addition, the 2003 Handbook expressly states that Defendant "does not enter into written or oral contracts or agreements guaranteeing employment, compensation, or any particular job duties, for any period of time with any employee." *Id.*, p. 4 (emphasis added).

Notwithstanding these express provisions that the handbooks do not contain any contract or agreement regarding employment terms, including compensation, Plaintiff argues that certain sections of the 2002 Handbook obligated Defendant to compensate Plaintiff for overtime in a manner other than that required by the FLSA. He argues that these provisions create a written contract governed by Oklahoma's five-year statute of limitations instead of the FLSA statute of limitations.

In support of his argument, Plaintiff cites two provisions in the 2002 Handbook, which are also incorporated in the 2003 Handbook. The first provision is as follows:

> **Hours of work:** Individual work schedules are assigned in response to the business needs of Rent-A-Center. Changes in your schedule, including the requirement to work overtime, may be made at the discretion of Rent-A-Center and are announced as far in advance as practical. Overtime, whether at the beginning or end of your shift, must be pre-approved by your immediate supervisor and worked as scheduled.

2002 Handbook, Plaintiff's Ex. A, p. 8. The second provision states:

> **Hourly coworkers.** Payroll periods are from Saturday to Friday and coworkers will receive a paycheck or ACH direct deposit every Friday, 52 times per year. Each check received is based upon the previous week's payroll period. Federal Law requires that time records be completed on a daily basis and that they are signed by the coworkers at the end of each pay period.

*Id.*, p. 16. As legal authority supporting his contention that this language creates a contractual obligation, Plaintiff relies primarily on *Hammond v. Lowe's Home Ctr*., 316 F. Supp. 2d 975 (D. Kan. 2004). As Defendant points out, *Hammond* is distinguishable from this case for several reasons.

The court in *Hammond* denied a motion to dismiss claims for overtime compensation, rejecting in part the defendant's argument that those claims were preempted by the FLSA. 316 F. Supp. 2d at 979. The court found that, although the plaintiffs' FLSA claims were barred by the statute of limitations, they could state a claim for relief based on a separate written agreement executed by the parties. That agreement was one of several documents executed by the parties and comprising the Defendant's employment policies. Entitled "Contract of Employment," the agreement provided, *inter alia*, that defendant would pay overtime compensation to plaintiffs. *Id.* The "Contract of Employment" was a single-page document which was signed by the employee and his manager; other similar documents were also signed by the parties. 316 F. Supp. 2d at 979.

The court concluded that the "Contract of Employment" constituted a contract governed by the Kansas statute of limitations for written contracts rather than the FLSA statute of limitations. *Id.* In doing so, the court expressly noted that an employer can contractually agree to provide compensation and other benefits exceeding those required by the FLSA and, if such contractual agreement is executed, it is not preempted by the FLSA. 316 F. Supp. 2d at 979. However, the court held that the plaintiffs' right to recovery in *Hammond* was dependent upon evidence of "a right to such a payment in a contract independent of the FLSA." *Id.* (Emphasis added).

The undisputed facts in this case establish that, unlike the parties in *Hammond*, Plaintiff and Defendant did not execute a contract guaranteeing to Plaintiff overtime or other compensation independent of the FLSA. Furthermore, the 2002 Handbook expressly states that it does not create a "contractual commitment or obligation" of Defendant to any employee. 2002 Handbook, Defendant's Ex. 5, p. 2. The 2003 Handbook reiterates that statement and adds that Defendant "does not enter into written or oral contracts or agreements guaranteeing...compensation." 2003 Handbook,

Defendant's Ex. 6, p. 4 (emphasis added). Accordingly, *Hammond* does not support Plaintiff's argument.

Similarly distinguishable is *Bowe v. SMC Elec. Products, Inc.* 916 F. Supp. 1066 (D. Colo. 1996), a case cited but not discussed by Plaintiff. In *Bowe*, the court held that the FLSA does not prohibit an employer from entering into a contractual agreement to pay minimum wages or overtime compensation in an amount greater than that required by the FLSA. 916 F. Supp. at 1072. The plaintiff in *Bowe* alleged that he and his employer entered into an express contract for the payment of wages and overtime compensation; he further alleged that such contracts were executed annually during his employment. *Id.* at 1071. Denying a motion to dismiss based in part on the contention that the complaint showed that the FLSA statute of limitations had expired, the court found that, because the plaintiff alleged that the parties annually executed a written contract governing plaintiff's overtime compensation, he had stated a claim for relief based on a breach of that contract.

In *Bowe*, whether plaintiff could recover on his claim was raised in a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; therefore, the court examined only the sufficiency of the pleadings. The court concluded that the allegations were sufficient to state a claim for relief. In this case, the issue is raised in a summary judgment motion; therefore, the Court examines the record to determine if Plaintiff has presented sufficient evidence to create a factual dispute regarding the existence of a contract governing overtime compensation. As discussed, *supra,* Plaintiff has not done so and, in fact, the evidence in the record precludes a finding that a written contract existed regarding overtime compensation.

For similar reasons, *Avery v. City of Talladega*, 24 F. 3d 1337 (11th Cir. 1994), does not support Plaintiff's argument. In *Avery*, the court held that an employer may contractually agree

to "compensate employees for time that is not mandatorily compensable under the FLSA." 24 F. 3d at 1348. The court noted that the employee handbook in *Avery* contained provisions expressly incorporating the FLSA rules regarding overtime compensation; thus, the plaintiffs' rights were "no greater than their rights under the FLSA." *Id.* To the extent that some of the plaintiffs relied on separate written contracts providing compensation greater than that allowed by the FLSA, however, those contracts were enforceable under the governing state law. 24 F. 3d at 1348.

The foregoing decisions cited by Plaintiff conclude that an employer may execute a contract obligating it to exceed the FLSA requirements regarding overtime compensation and, if so, that contract may be enforceable under state law and governed by the applicable state statute of limitations. However, the undisputed material facts in this case establish that Defendant did not execute such a contract. Contrary to Plaintiff's contention, there is no evidence that Defendant "did more than just promise to follow the applicable federal laws pertaining to payment of overtime." Plaintiff's response, p. 16. Therefore, even if Plaintiff had alleged a breach of contract claim, the undisputed material facts establish that Defendant is entitled to judgment on that claim because no enforceable contract was executed.[3]

3. Plaintiff's exemption from FLSA requirements:

Even if Plaintiff's claim were not barred by the FLSA statute of limitations, Defendant

---

[3]*As Defendant points out, there are circumstances in which an employee handbook has been held to create an implied contract of employment. See, e.g. Gilmore v. Enogex, 878 P. 2d 360, 368 (Okla. 1994). To constitute an implied contract, however, the handbook must include promises in "definite terms" rather than "vague assurances." Wallace v. Mental Health Svcs. of Southern Oklahoma, Inc., 33 P.3d 966, 967 (Okla. Civ. App. 2001). The Court concludes that the 2002 and 2003 Handbooks cannot be construed as creating an implied contract regarding overtime compensation differing from the FLSA requirements. Even if the Handbooks could be so construed, the Oklahoma statute of limitations governing implied contracts is three years. Okla. Stat. tit. 12 § 95(A)(2). This action was filed more than three years after November 28, 2003, the last date on which Plaintiff's claim for overtime is based; therefore, an implied contract claim would be untimely under Oklahoma law.*

argues that Plaintiff cannot recover on that claim because he is an exempt employee under the FLSA. Plaintiff does not address this argument, finding it is not "necessary to respond." Response brief at p. 16. Nor does Plaintiff dispute the facts set forth in Defendant's brief regarding the FLSA exemption on which Defendant relies.

Section 13(b)(1) of the FLSA, 29 U. S. C. § 213(b)(1), known as the Motor Carrier Exemption to the FLSA (the "motor carrier exemption"), provides that certain employees are exempt from FLSA requirements, including overtime. 29 U. S. C. § 207(a). The exemption applies to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service." 29 U. S. C. § 213(b)(1). By statute, the Secretary of Transportation has the power to regulate motor carrier employees whose duties affect highway safety in interstate shipments. 49 U. S. C. § 31502(b). *See also Foxworthy v. Hiland Diary Company*, 997 F.2d 670, 672 (10th Cir. 1993); *Thomas v. Wichita Coca-Cola Bottling Co.*, 968 F.2d 1022, 1023 (10th Cir. 1992). The motor carrier exemption thus applies to an individual if he is employed by a motor carrier, he affects highway safety, and he is involved in the interstate transportation of goods. 29

C. F. R. § 782.2. To be involved in interstate transportation of goods, the employee need not actually transport goods across state lines. The regulations implementing the Motor Carrier Act provide that the interstate commerce requirement is satisfied where "the vehicles do not actually cross State lines but operate solely within a single State, if what is being transported is actually moving in interstate commerce." 29 C. F. R. § 782.7(b)(1). Even if a carrier's transportation does not cross state lines, the interstate commerce requirement is satisfied if the goods being transported within the borders of one State are involved in a 'practical continuity of movement' in the flow of

interstate commerce." *Bilyou v. Duchess Beer Dist., Inc.,* 300 F. 3d 217, 223 (2d Cir. 2002) (quoting *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568 (1943)); *see also Foxworthy*, 997 F.2d at 672.

In this case, Defendant argues that the record establishes Plaintiff was covered by the motor carrier exemption at the relevant time because it is undisputed that Defendant qualifies as a motor carrier and that Plaintiff delivered shipments of goods for Defendant on an intrastate segment of the movement of goods in interstate commerce. Plaintiff does not dispute that Defendant is a rent-to-own company; it operates stores which rent furniture and appliances to consumers, and it delivers those goods to its customers in trucks owned by Defendant and operated by Defendant's employees. *See* Defendant's statement of material facts, Nos. 1, 13; Plaintiff's Dep., Defendant's Ex. 1, p. 67, lines 4-22; p. 81; p. 22, lines 15-23; p. 24, lines 4-25. *See also* Declaration of Defendant's Regional Director, Rodney France, Defendant's Ex. 2, ¶ 3. Pursuant to the federal Motor Carrier Act, a "motor private carrier" includes an individual owner of property who transports that property by motor vehicle in interstate commerce, for the purpose of selling, leasing, or renting the property to further a commercial enterprise. 49 U. S. C. § 13102(15); *Hutson v. Rent-A-Center, Inc.*, 209 F. Supp. 2d 1353, 1359 (M. D. Ga. 2001), *aff'd*, 37 Fed. Appx. 980 (11th Cir. May 21, 2002), *rehg. denied*, 46 Fed. Appx. 622 (11th Cir. 2002), *cert. denied*, 537 U.S. 1106 (2003). Plaintiff admits that Defendant transports and delivers merchandise to customers, and it uses its own trucks for this purpose. Plaintiff's Dep., Defendant's Ex. 1, p. 20, lines 22-25; p. 21, lines 1-5. The merchandise transported is Defendant's property. Rodney France Declaration, Defendant's Ex. 2, ¶ 3.

The record also reflects that Defendant transports its goods in interstate commerce. In its statement of material facts, Defendant lists the bases for its interstate activity, including the fact that Defendant obtains merchandise directly from vendors located in states, that those vendors are

located exclusively outside Oklahoma, that the vendors ship directly to the Defendant's store from which the merchandise was ordered, and that Defendant's employees, including Plaintiff, then deliver the merchandise to the customer. Defendant's Fact Statements Nos. 15-17; France Declaration, Defendant's Ex. 2, ¶¶ 4-8. Plaintiff offers no evidence or argument to the contrary, and his testimony is consistent with these statements. Plaintiff's Dep., Defendant's Ex. 1, pp. 40-43. In addition, the evidence shows that Defendant provides warranty service on the merchandise it rents to its customers. *Id.*, p. 43, lines 18-25; p. 44, lines 5-23. Plaintiff testified that the merchandise is picked up by an employee at the customer's location, brought back to the store where it was ordered, and then shipped to Defendant's service center in Missouri; following service, the merchandise is returned to Defendant's store and delivered to the customer by Defendant's employees. Plaintiff's Dep., Defendant's Ex. 1, p. 44, lines 5-23; *see also* Declaration of Defendant's Kansas City, Missouri District Service Manager Mike Hass, Defendant's Ex. 7, ¶¶ 5- 8. Merchandise is moved in interstate commerce where, as here, it is obtained from a vendor outside the state in which Defendant and the customer are located, is transported to Defendant and, ultimately, to the customer. *Thomas, supra*, 968 F.2d at 1025; *Badgett, et al. v. Rent-Way, Inc.*, 350 F. Supp.2d 642, 647-48 (W.D. Pa. 2004).

Plaintiff also does not dispute that, while employed by Defendant, his primary job duties included delivery and pickup of Defendant's merchandise to and from customers; he admits that he performed these duties on a daily basis and that he drove Defendant's truck while doing so. Defendant's undisputed fact No. 14; Plaintiff's dep., Defendant's Ex. 1, p. 22, lines 15-25; p. 23, lines 1-3; p. 24, lines 8-25; p. 25, lines 1-10.

The Court concludes that the undisputed material facts establish that, as a matter of law,

Plaintiff was covered by the motor carrier exemption, and was exempt from the FLSA minimum wage requirements during the relevant time period. Therefore, even if the statute of limitations had not expired on his claim for overtime compensation pursuant to federal law, he is not entitled to recover on that claim.

C. Conclusion regarding Defendant's summary judgment motion:

For the foregoing reasons, the Court concludes that the undisputed material facts establish that Defendant is entitled to judgment as a matter of law on Plaintiff's claims for overtime compensation under the FLSA. The Court further concludes that, even if Plaintiff's Petition is construed as seeking recovery based on Defendant's purported contractual agreement to compensate Plaintiff for overtime outside the scope of the FLSA, the undisputed material facts establish that there was no such contractual agreement. Furthermore, even if the FLSA statute of limitations had not expired, the undisputed facts establish that Plaintiff is exempt from FLSA overtime compensation requirements. Defendant is entitled to summary judgment on Plaintiff's claims.

III. Plaintiff's Motion to Amend:

Well after the completion of the parties' briefs on Defendant's summary judgment motion, Plaintiff filed his Motion to File an Amended Complaint [Doc. No. 45] in which he seeks leave to amend in order to more specifically explain the basis for his breach of contract claim. Defendant opposes the motion.

Pursuant to the Federal Rules of Civil Procedure, leave to amend is a decision within the court's discretion, and leave should be freely granted "when justice so requires." Fed.R.Civ.P. 15(a). However, leave to amend is not automatic and may be precluded by untimeliness, undue delay, prejudice to other parties, or futility. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Bauchman*

*ex rel. Bauchman v. West High School*, 132 F. 3d 542, 559 (10th Cir. 1997). In evaluating the propriety of allowing an amendment, the court should balance the prejudice to the non-moving party if the amendment is allowed against that of the moving party if leave is denied. *Id.*

Initially, the Court notes that Plaintiff's Motion is untimely. At the November 2, 2007 status and scheduling conference in this case, the Court set a deadline for filing amended pleadings. That deadline was 15 days from the date of the conference, or November 19, 2007. *See* November 2, 2007 Scheduling Order [Doc. No. 13]. Plaintiff's motion to amend was not filed until seven months after that deadline. Furthermore, Plaintiff did not seek leave to amend until after Defendant filed a motion for summary judgment and more than one month after the parties completed their briefs regarding that motion. In fact, Plaintiff's motion was not filed until after this Court denied his motion to remand.

Untimeliness and undue delay are proper bases for denying leave to amend. *See, e.g., Minter v. Prime Equip. Co.*, 451 F. 3d 1196, 1205 (10th Cir. 2006); *First City Bank v. Air Capitol Aircraft Sales, Inc.*, 820 F.2d 1127, 1132-33 (10th Cir. 1987). Where the moving party was aware of the facts on which the amendment was based for some time prior to seeking leave to amend, the request to amend is properly denied. *Fed. Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir. 1987). Leave to amend may also be denied as untimely and potentially prejudicial to the moving party where the motion to amend is not filed until after the opposing party files a motion for summary judgment. *See Evans v. McDonald's Corp.*, 936 F.2d 1087, 1091 (10th Cir. 1991); *Johnson v. Rice*, 1991 WL 216540, at *2-3 (10th Cir. Oct. 24, 1991).

In this case, Plaintiff became aware that Defendant construed the Petition as asserting only a federal claim when Defendant filed its notice of removal on August 31, 2007 [Doc. No. 1].

However, Plaintiff did not seek leave to amend and waited several months before seeking remand on the grounds that he asserted only a breach of contract claim. Although Plaintiff referred to a breach of contract claim in the parties' October 27, 2007 Joint Status Report, that report also reflected Defendant's position that he asserted only an FLSA claim. Counsel mentioned during the status conference that he wanted to research the FLSA claim, but did not seek leave to amend within the deadline set at the conference. Nor did Plaintiff request an extension of the deadline for amending the pleadings. Instead, the record reflects that the parties engaged in discovery and, ultimately, Defendant filed its summary judgment motion. To allow Plaintiff to amend at this late stage of the proceedings would thus be prejudicial to Defendant.

Plaintiff suggests that allowing leave to amend would not be prejudicial because Defendant has briefed the contract claim in its summary judgment motion. However, Plaintiff has also addressed that argument and, in response to the summary judgment motion, has submitted the evidence he believes supports a contract claim. The Court has reviewed that evidence and the governing law and has concluded that Plaintiff has not presented sufficient evidence to create a material factual dispute regarding a breach of contract claim. Therefore, allowing him to amend to assert that claim would be futile, and leave to amend is also properly denied on that basis. *See, e.g., Foman*, 371 U.S. at 182.

The Court thus concludes that Plaintiff's motion to amend is untimely and that granting leave to amend would be futile. The motion must be denied.

IV. Conclusion:

Plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 45] is DENIED. Defendant's Motion for Summary Judgment [Doc. No. 29] is GRANTED. Judgment shall be

entered in accordance with this Order.

IT IS SO ORDERED this 12th day of November, 2008.

TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE